**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CALVIN RAY COBBS SR., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 13 C 3852 |
| ANGELA HUSTON-AUREL, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Calvin Cobbs Sr. has filed a *pro se* lawsuit against Angela Huston-Aurel, an employee of the Veterans Administration, and has paid the filing fee. On July 3, 2013, the Court entered an order questioning whether Mr. Cobbs had stated any viable legal claim and ordered him to show cause why his case should not be dismissed. Mr. Cobbs has filed a response to the Court's order.

The Court summarizes the underlying events as Mr. Cobbs has described them, taking his allegations as true for present purposes. On May 21, 2013, Mr. Cobbs' father Louis Cobbs, a veteran of the Korean War, was hospitalized at the Jesse Brown VA Hospital in Chicago and was about to be discharged. Ms. Huston-Aurel, a social worker at the hospital, and Veronica Andrews, the plaintiff's sister, were discussing putting Louis Cobbs into a nursing home. The plaintiff opposed this, and a verbal dispute followed. Ms. Andrews said that she had Louis Cobbs' power of attorney, but she was eventually talked out of putting him into a nursing home by the plaintiff and another family members. The plaintiff proposed to have their father come live with him. Louis Cobbs verbally agreed to this. Plaintiff says that Ms. Huston-Aurel verbally agreed to permit Louis Cobbs to go home with the plaintiff and agreed to prepare the necessary paperwork so that the plaintiff could pick up his father on May 22.

The plaintiff returned to the hospital on May 22. The plaintiff says that as Louis Cobbs signing the necessary paperwork to permit him to be released to the plaintiff, Ms.

Huston-Aurel approached them, told Louis Cobbs that the plaintiff was trying to trick him and had lied to him about having a place for Louis to go, and that the hospital could provide 24 hour care for him (which the plaintiff says is false). The plaintiff says that he asked Ms. Huston-Aurel to stop lying and interfering. His father (Louis) said that he still wanted to go home with the plaintiff, and he evidently signed the necessary documentation.

At this point, the plaintiff alleges, Ms. Huston-Aurel left the room and asked to have security called. The plaintiff says that he went to a different office in the hospital to meet with a patent advocate on an unrelated matter. While in that office, the plaintiff says, the VA police came into the room. They advised him that Ms. Huston-Aurel had reported that he had forced his incompetent father to sign a paper against his will and that she had instructed the police to retrieve the signed document, which the plaintiff had in his briefcase. The plaintiff says that the "V.A. police tried to take paper work from plaintiff, but plaintiff even thou [sic] being detained, did not give up demand for paper work." Resp. to Order to Show Cause, p. 10. In other words, the police evidently *did not* seize the signed document: in fact, the plaintiff has attached to his response to the order to show cause a copy of the signed document in question.

The plaintiff says that he is asserting the following claims against Ms. Huston-Aurel: 1) she violated his rights by telling the V.A. police to search his belongings and take the signed document; 2) she defamed him by making false statements to his father; 3) she committed fraud and deceit by promising to release Louis Cobbs to him without any actual intention of doing so; and 4) she breached a verbal agreement to release Louis Cobbs to him. *See* Resp. to Order to Show Cause, pp. 11-15.

The first claim that Mr. Cobbs described is a claim for violation of his Fourth Amendment rights. He has failed to state a claim against Ms. Huston-Aurel in this regard. Mr. Cobbs alleges only that Ms. Huston-Aurel *tried* to get the police to search him and seize the document his father has signed. He does not allege that he was *actually* searched without a proper basis or that anything was *actually* seized from him. Thus he does not have a viable Fourth Amendment claim.

Mr. Cobbs' second claim, involving defamation, fails as a claim for violation of his constitutional rights. As the Court stated in its July 3 order, a bare claim of defamation

2

does not give rise to a constitutional violation.  *See, e.g., Paul v. Davis*, 424 U.S> 693, 708-10 (1976) (defamation by public official, without more, does not deprive the defamed person of liberty or property within the meaning of the constitution's Due Process Clause).  To the extent Mr. Cobbs is attempting to assert a common law claim of defamation, the Court will deal with it momentarily.

All of Mr. Cobbs' remaining claims against Ms. Huston-Aurel, including his defamation claim if that is what he is asserting, are common law claims.  The "Westfall Act," formally known as the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679, provides for the substitution of the United States as a defendant in any suit against a federal employee for a common law tort within the scope of his or her employment.  *Id.* § 2679(d)(1); *see United States v. Norwood*, 602 F.3d 830, 838 (7th Cir. 2010).  This requires, however, a certification by the Attorney General that the employee was acting within the scope of his or her employment.  *Id.*  Once such a certification is made, the United States is substituted as a defendant, and the case proceeds as if it were a case under the Federal Tort Claims Act (FTCA).  *See Id.* § 2679(d)(4) (citing 28 U.S.C. § 1346(b)).

The FTCA, however, requires a plaintiff, *before filing suit*, to first submit a claim to the appropriate federal agency (in this case, the Veterans Administration), pursuant to rules that the Attorney General has established, describing his claim and the employees involved, and stating the amount of damages he is claiming.  *See* 28 U.S.C. §§ 2672 (concerning "administrative adjustment of claims") & 2675(a) & (b) (stating that no action may be instituted unless the claimant has first presented his claim to the appropriate agency and the agency has denied the claim, and limiting any lawsuit to the amount asserted in the claim made to the agency).  The applicable rules regarding submission of administrative tort claims are round at 28 C.F.R. (Code of Federal Regulations) §§ 14.1 – 14.11.

The Court will direct that this order be sent to the United States Attorney for this district and will ask the government to file a statement of its position regarding Ms. Huston-Aurel's status as a defendant.  The Court wishes to make abundantly clear to the plaintiff, however, that <u>if he wants to pursue this case, he would be well-advised to immediately get a claim on file with the Veterans Administration, using the form</u>

3

prescribed by that agency. The Court expresses no view on whether such a claim would be timely at this point.

The Court also notes that although plaintiff filed a "return of service" form, it reflects that summons was served not on Ms. Huston-Aurel herself, but rather on her supervisor, a Mr. Russell LeBlanc. It is questionable whether this constitutes appropriate service of summons on Ms. Huston-Aurel. Thus it is conceivable that the plaintiff has not yet appropriately served Ms. Huston-Aurel with summons.

## Conclusion

For the reasons described above, the Court concludes that the plaintiff, Calvin Ray Cobbs Sr., has failed to state a claim against the defendant, Angela Huston-Aurel, for violation of the plaintiff's constitutional rights. The Court expresses no views on whether the plaintiff has stated viable common law claims against the defendant. The Court requests that the United States Attorney state his views, by September 11, 2013, regarding whether the United States should be substituted as defendant in place of Ms. Huston-Aurel as well as any other pertinent matter on which the United States Attorney wishes to state his views. The Clerk is directed to mail a copy of this order to Assistant United States Attorney Thomas P. Walsh, 219 South Dearborn Street, Suite 500, Chicago, IL 60604. The case is set for a status hearing on September 18, 2013 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 21, 2013