IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN COBBS SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13 C 3852 |
| ) | |
| ANGELA HUSTON-AUREL and ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Calvin Cobbs Sr. filed a *pro se* complaint against Angela Huston-Aurel. In an earlier decision, the Court summarized Mr. Cobbs's allegations as follows:

> On May 21, 2013, Mr. Cobbs' father Louis Cobbs, a veteran of the Korean War, was hospitalized at the Jesse Brown VA Hospital in Chicago and was about to be discharged. Ms. Huston-Aurel, a social worker at the hospital, and Veronica Andrews, the plaintiff's sister, were discussing putting Louis Cobbs into a nursing home. The plaintiff opposed this, and a verbal dispute followed. Ms. Andrews said that she had Louis Cobbs' power of attorney, but she was eventually talked out of putting him into a nursing home by the plaintiff and another family member. The plaintiff proposed to have their father come live with him. Louis Cobbs verbally agreed to this. Plaintiff says that Ms. Huston-Aurel verbally agreed to permit Louis Cobbs to go home with the plaintiff and agreed to prepare the necessary paperwork so that the plaintiff could pick up his father on May 22.
>
> The plaintiff returned to the hospital on May 22. The plaintiff says that as Louis Cobbs [was] signing the necessary paperwork to permit him to be released to the plaintiff, Ms. Huston-Aurel approached them, told Louis Cobbs that the plaintiff was trying to trick him and had lied to him about having a place for Louis to go, and that the hospital could provide 24 hour care for him (which the plaintiff says is false). The plaintiff says that he asked Ms. Huston-Aurel to stop lying and interfering. His father (Louis)

> said that he still wanted to go home with the plaintiff, and he evidently signed the necessary documentation.
>
> At this point, the plaintiff alleges, Ms. Huston-Aurel left the room and asked to have security called. The plaintiff says that he went to a different office in the hospital to meet with a patent advocate on an unrelated matter. While in that office, the plaintiff says, the VA police came into the room. They advised him that Ms. Huston-Aurel had reported that he had forced his incompetent father to sign a paper against his will and that she had instructed the police to retrieve the signed document, which the plaintiff had in his briefcase. The plaintiff says that the "V.A. police tried to take paper work from plaintiff, but plaintiff even thou [sic] being detained, did not give up demand for paper work." Resp. to Order to Show Cause, p. 10. In other words, the police evidently did not seize the signed document: in fact, the plaintiff has attached to his response to the order to show cause a copy of the signed document in question.

Mem. Opinion and Order of Aug. 21, 2013 at 1-2.

In an order dated July 3, 2013, the Court stated that it did not appear that Mr. Cobbs had asserted a viable claim against Ms. Huston-Aurel and thus ordered him to show cause why the case should not be dismissed. Mr. Cobbs responded as ordered. Following receipt of Mr. Cobbs's response, the Court understood him to be asserting the following claims against Ms. Huston-Aurel:

> 1) she violated his rights by telling the V.A. police to search his belongings and take the signed document; 2) she defamed him by making false statements to his father; 3) she committed fraud and deceit by promising to release Louis Cobbs to him without any actual intention of doing so; and 4) she breached a verbal agreement to release Louis Cobbs to him. *See* Resp. to Order to Show Cause, pp. 11-15.

Mem. Opinion and Order of Aug. 21, 2013 at 2.

The Court concluded, for reasons described in its Memorandum Opinion and Order of August 21, 2013, that Mr. Cobbs had not asserted any viable claims against Ms. Huston-Aurel for violation of his constitutional rights and that his only potential claims were common-law tort claims. *See id.* at 3. In this regard, the Court surmised

that Mr. Cobbs might be able to assert a claim against the government under the Federal Tort Claims Act (FTCA) based on Ms. Huston-Aurel's alleged actions but that this would require Mr. Cobbs to first submit an administrative claim pursuant to the procedure prescribed by statute and regulation, which the Court described in its decision. *See id.* The Court also directed that its decision be sent to the United States Attorney and asked the government to file a statement of its position regarding Ms. Huston-Aurel's status as a defendant.

The government then filed a motion to dismiss for failure to exhaust administrative remedies. At a status hearing held on September 18, 2013, the Court discussed at length with Mr. Cobbs his option of filing an administrative claim, explaining that this is a prerequisite to filing suit against the government, and also explained to him further why his constitution-based claims against Ms. Huston-Aurel were legally deficient. Plaintiff expressed the desire to file an amended complaint, so the Court put the motion to dismiss on hold pending filing of an amended complaint.

Mr. Cobbs has now filed an amended complaint. The Court considers the most recent version, which Mr. Cobbs filed on October 29, 2013. The amended complaint is based on the same background allegations as Mr. Cobbs's original complaint. Mr. Cobbs now appears to want to sue the United States; the case caption on his amended complaint describes the defendant as "Government instead of Angela Huston-Arel [sic]." The penultimate page of the amended complaint suggests, however, that he is still naming Ms. Huston-Aurel as a defendant as well.

Mr. Cobbs's amended complaint does not state a viable claim against Ms. Huston-Aurel for violation of his constitutional rights. In this regard, nothing material has

3

changed from the state of affairs as it was when the Court issued its August 21, 2013 decision. There is no viable Fourth Amendment claim for the reasons the Court described there (Mr. Cobbs again confirms that the document in question was *not* taken from him, *see* Corrected Am. Compl., pp. 10-11). Likewise, Mr. Cobbs's claim of defamatory statements by Ms. Huston-Aurel does not rise to the level of a violation of his constitutional rights, for the reasons the Court described in its August 21 decision. The Fifth, Sixth, Eighth, and Ninth Amendments, which Mr. Cobbs references in his amended complaint, likewise do not provide a basis for a viable claim against Ms. Huston-Arel (there was no criminal prosecution, no criminal punishment, no violation of due process, and no identifiable right protected by the Ninth Amendment).

This leaves only Mr. Cobbs's putative claim against the United States under the FTCA. However, the Court lacks subject matter jurisdiction over that claim. To put it another way, the FTCA claim is premature. Mr. Cobbs has not complied with the FTCA's prerequisite of presenting a claim to the appropriate federal agency and obtaining a denial of the claim or waiting six months from presentment of the claim, before filing suit. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993). Because the law requires exhaustion of the administrative claim process *before* filing suit, even if Mr. Cobbs has by now filed an administrative claim with the VA, he has to await the denial or a six-month period and then file suit within the appropriate time *after* the administrative denial. The exhaustion requirement is not satisfied by the agency's rejection of a claim after a suit has already been filed. *See McNeil*, 508 U.S. at 110-13.

**Conclusion**

For the reasons stated above, the government's motion to dismiss is terminated as moot [docket no. 15]. The Court directs the Clerk to enter judgment dismissing plaintiff's claims against defendant Angela Huston-Aurel with prejudice and dismissing his claims against the United States without prejudice for lack of subject matter jurisdiction.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 27, 2013